**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4294

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NELSON W. BROADIE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CR-03-259)

Submitted: November 18, 2004     Decided: November 24, 2004

Before LUTTIG and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James F. Sumpter, JAMES F. SUMPTER, P.C., Richmond, Virginia, for Appellant. Michael S. Dry, Assistant United States Attorney, Matthew Childs Ackley, OFFICE OF THE U.S. ATTORNEY, Richmond, Virginia; Paul J. McNulty, United States Attorney, Michael J. Elston, OFFICE OF THE U.S. ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nelson W. Broadie appeals from his jury conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Upon the jury's finding of guilt, the district court sentenced Broadie to seventy-eight months' imprisonment, two years of supervised release, and ordered payment of a $100 special assessment. On appeal, Broadie claims insufficiency of the evidence and claims the district court erred in refusing to grant his motion for a downward departure based on over-representation of his criminal history.

In evaluating a sufficiency of the evidence challenge, the jury verdict must be upheld if there exists substantial evidence, including circumstantial and direct evidence, to support the verdict, viewing the evidence most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, we do not weigh evidence or review witness credibility, United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), rather, the credibility of witnesses is within the sole province of the jury. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996). We may reverse a jury verdict only when there is a complete absence of probative facts to support the jury's conclusions. Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983).

- 2 -

Here, there was ample evidence to support the jury's verdict, including Broadie's own trial testimony in which he admitted the shotgun was in his apartment and further admitted that he moved it. While he further claimed he did not put it there and did not possess it, asserting that it was left there by a prior tenant, the jury apparently found that portion of his testimony not to be credible. Broadie further testified that he asked his landlord to remove the shotgun from Broadie's apartment, but the landlord's testimony contradicted this testimony. There was testimony by police that when they responded to the call that a gun had been discharged, Broadie initially denied that he had any firearms in his apartment. In addition, the government presented evidence that the police found six .25-caliber unspent rounds on the floor in Broadie's bedroom, which rounds were the same brand and caliber as the freshly-fired round discovered on the sidewalk leading to Broadie's apartment. Additional evidence established that Broadie was a convicted felon. We find this evidence sufficient to support the jury's verdict.

Broadie further asserts that the district court erred in refusing to grant his motion for downward departure. A district court's refusal to grant a downward departure is not reviewable unless the court based its decision on the mistaken belief that it lacked authority to do so. United States v. Matthews, 209 F.3d 338, 352-53 (4th Cir. 2000). In this case, because the district

court explicitly recognized its authority to depart, yet refused to do so, we decline to review Broadie's claim on appeal.

Accordingly, we affirm Broadie's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED